FILED
AUG 29 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL PARKS CONSERVATION ASSOCIATION )
1300 19th Street NW, Suite 300 )
Washington, DC  20036 )
)
SIERRA CLUB )
85 Second Street, Second Floor )
San Francisco, CA 94105-3441 )
)
MONTANA ENVIRONMENTAL INFORMATION CENTER )
PO Box 1184 )
Helena, MT 59624 )
)
ENVIRONMENTAL DEFENSE FUND )
257 Park Avenue South, 17th Floor )
New York, NY 10010 )

GRAND CANYON TRUST
2601 N. Fort Valley Rd
Flagstaff, AZ 86001

Case: 1:11-cv-01548
Assigned To : Jackson, Amy Berman
Assign. Date : 8/29/2011
Description: Admn. Agency Review

SAN JUAN CITIZENS ALLIANCE )
P.O. Box 2461 )
1022 1/2 Main Avenue )
Durango, Colorado 81302 )
)
OUR CHILDREN'S EARTH FOUNDATION )
3701 Sacramento St. #194 )
San Francisco, CA 94118 )
)
PLAINS JUSTICE )
2606 Montana Avenue )
Billings, Montana 59101 )
)
POWDER RIVER BASIN RESOURCE COUNCIL )
934 N. Main St., )
Sheridan, WY 82801 )
)
)
Plaintiffs, )
)
v. )
)

| | |
|---|---|
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>LISA P. JACKSON, in her official capacity as Administrator,<br>United States Environmental Protection Agency<br>Ariel Rios Building<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1.  By January 15, 2011, the Administrator of the United States Environmental Protection Agency ("Administrator" or "EPA") was required by the federal Clean Air Act to have promulgated complete, final, and enforceable plans for 34 states and territories that failed to submit timely plans to prevent and remedy unhealthful, scenery-impairing air pollution ("haze") in our nation's "Class I" national parks and wilderness areas. 74 Fed. Reg. 2392 (January 15, 2009). EPA did not meet that deadline, or deadlines for acting on haze plans submitted by nine other states and one region. EPA's failure to meet these deadlines compounds a long line of delays by the agency in addressing regional haze that stretches back to at least 1979. That is the year when EPA was required by the Clean Air Act to have promulgated regulations to make "reasonable progress" towards "remedying . . . existing visibility impairment" in mandatory Class I areas. 42 U.S.C. § 7491(a)(4).

2.  This action seeks orders compelling EPA to perform its nondiscretionary duties by date or dates certain to: a) promulgate federal implementation plans ("FIPs") for 34 states covered by EPA's January 15, 2011 promulgation deadline to reduce haze in federal national

2

parks and wilderness areas; and b) take final action approving or disapproving regional haze state implementation plans ("SIPs" "plans" or "haze plans") for nine states and one region that submitted such SIPs and for which EPA approval or disapproval action is overdue under the Act.[1] EPA's failure to perform these duties violates controlling and explicit deadlines set forth in the Act, and thereby deprives Plaintiffs' members of health, welfare, and procedural protections required by the Act.

## JURISDICTION AND VENUE

3.  The instant action arises under the Clean Air Act ("CAA" or "the Act"), 42 U.S.C. §§ 7401 *et seq*. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 1331 and 1361. The relief requested herein by Plaintiffs is authorized pursuant to 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361.

4.  In accordance with 42 U.S.C. § 7604(b)(2) and 40 C.F.R. Part 54, Plaintiffs served prior notice on the Administrator of the violations alleged herein and Plaintiffs' intent to initiate the present action. This notice was provided via certified letters, posted January 19, 2011, and addressed to the Administrator. More than 60 days have passed since the notices were served pursuant to 42 U.S.C. § 7604(b), and the violations complained of in the notices are continuing.

5.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendant Lisa P. Jackson is an officer of the United States sued for acts and omissions in her official capacity, and her official residence is in the District of Columbia.

---

[1] Unless otherwise indicated, references herein to "regional haze plans," "regional haze SIPs," "haze SIPs," or "haze plans" refer to the regional haze state implementation plans required by the Act and EPA rules to be submitted to EPA by December 17, 2007. 42 U.S.C. § 7407(d)(7)(A); 40 C.F.R. §§51.308 & 51.309.

## PARTIES

6.      Plaintiff National Parks Conservation Association ("NPCA") is a national not-for-profit corporation organized and existing under the laws of the District of Columbia with its principal place of business in Washington, D.C. Its mission is to protect and enhance America's National Parks for the use and enjoyment of present and future generations. Since NPCA was established in 1919, it has advocated for protection of the natural environment (including air quality) in and around the national parks, educated decision makers and the public about the importance of preserving the parks, worked to convince officials in the Executive Branch and members of Congress to uphold the laws that protect the public's use and enjoyment of the parks and to support new legislation to address threats to the parks, litigated to uphold these laws, and assessed the health of the parks and adequacy of park management to better inform the public and advocate for parks.

7.      Plaintiff Montana Environmental Information Center is a non-profit environmental organization that works to protect clean air, water, and a healthy environment for all Montanans. The Center is headquartered in Helena, Montana.

8.      Plaintiff Grand Canyon Trust is a non-profit, regional conservation organization dedicated to conserving the natural and cultural resources of the Colorado Plateau. The Trust advocates an ecologically responsible and sustainable balance between resource use and preservation, along with the protection of areas of beauty and solitude. The Trust recognizes that clear air and vast panoramas are defining characteristics of the Colorado Plateau, and has been involved in air quality issues since its founding in 1985. The Trust is headquartered in Flagstaff, Arizona.

9. Plaintiff San Juan Citizens Alliance is a grass roots organization dedicated to social, economic, and environmental justice in the San Juan Basin of Colorado and New Mexico. The Alliance helps citizens protect the water and air, public lands, rural character, and unique quality of life in the San Juan Basin, while embracing the diversity of the region's people, economy, and ecology. San Juan Citizens Alliance is headquartered in Durango, Colorado.

10. Plaintiff Our Children's Earth Foundation ("OCEF") is a non-profit organization dedicated to protecting the public from the harmful effects of air and water pollution. Through a combined strategy of enforcement, education, and advocacy, OCEF empowers individuals, families and local communities to participate in decisions that impact air and water quality. OCEF is based in San Francisco, California.

11. Plaintiff Plains Justice is a non-profit organization based in Montana that provides legal resources to help communities in the Northern Plains make the transition to a new energy future. Plains Justice fights for a healthy and productive environment.

12. Plaintiff Powder River Basin Resource Council ("Powder River") is a Wyoming non-profit organization dedicated to the preservation and enrichment of Wyoming's agricultural heritage and rural lifestyle. Powder River and its members support the conservation of Wyoming's unique land, mineral, water, and clean air resources consistent with responsible use of those resources to sustain the livelihood of present and future generations. Powder River is headquartered in Sheridan, Wyoming.

13. Plaintiff Sierra Club ("the Club") is a not-for-profit corporation organized and existing under the laws of California, with its principal place of business located in San Francisco, California. Sierra Club is a national membership organization with more than 600,000 members residing throughout the United States. Club members reside in each of the

5

States as defined in 42 U.S.C. §7602(d) (hereinafter, "States"). The Club's mission is to protect and enhance the quality of the natural and human environment. Its activities include public education, advocacy, and litigation to enforce environmental laws. The Club and its members are greatly concerned about the effects of air pollution on human health and the environment and have a long history of involvement in activities related to air quality.

14.     Plaintiff Environmental Defense Fund (EDF) is a not-for-profit corporation organized and existing under the laws of New York, with its principal place of business in New York, New York. EDF is a national membership organization with more than 400,000 members. EDF members reside in each of the States. EDF's mission is to protect the environmental rights of all people, including the rights to clean air and water and a flourishing ecosystem. Since the organization was founded in 1967, a key aspect of EDF's mission has been to advocate control of air pollution for the benefit of human health and the environment. EDF and its members are greatly concerned about the effects of air pollution on human health and the environment, and have a long history of involvement in activities related to air quality.

15.     The Act requires the regional haze SIPs and FIPs at issue herein ("haze plans") to remedy and protect against any existing and future human-caused visibility impairment in specified national parks, wilderness areas, wildlife refuges, and other areas designated by the Act and EPA rules as mandatory "Class I" Federal areas. Plaintiffs' members use and enjoy these Class I areas throughout the nation for recreation and aesthetic enjoyment, including enjoyment of the scenic vistas. These areas suffer from visibility impairment due to human-caused air pollution and/or are threatened with future visibility impairment due to human-caused air pollution. Human-caused air pollution in or from each of the states at issue herein causes or contributes (and/or may reasonably be anticipated to cause or contribute) to visibility impairment

in Class I areas used and enjoyed by Plaintiffs' members. Plaintiffs' members' use and enjoyment of these areas is adversely affected by the visibility impairment that the Act requires regional haze plans to remedy and protect against.

16. The acts and omissions of EPA complained of herein cause injury to Plaintiffs and their members by delaying the adoption, submission, review, approval or promulgation, and implementation of plans required by the Act to remedy and protect against visibility impairment adversely affecting use and enjoyment of Class I areas by Plaintiffs' members. These delays cause injury to Plaintiffs' members by prolonging existing, and allowing future, visibility impairment that significantly interferes with Plaintiffs' members' use and enjoyment of Class I areas, and by nullifying or delaying measures mandated by the Act to remedy and prevent such visibility impairment. The recreational, aesthetic, and environmental interests of Plaintiffs' members have been and continue to be adversely affected by the acts and omissions of EPA alleged herein.

17. The acts and omissions of EPA alleged herein further deprive Plaintiffs and their members of procedural rights and protections to which they would otherwise be entitled, including, but not limited to, the right to comment on and judicially challenge the adequacy of regional haze plans (and EPA action thereon), and the right to ensure EPA effectuates its statutory duty to promulgate federal implementation plans to address state planning deficiencies.

18. EPA approval of a regional haze SIP renders the provisions of that SIP federally enforceable via both EPA action and citizen suits. EPA disapproval of a regional haze SIP would trigger a two-year statutory deadline for the Administrator to prepare a FIP to implement the Act's requirements for a regional haze plan in that state. 42 U.S.C. § 7410(c)(1). EPA's failure to timely approve or disapprove regional haze SIPs as complained of herein thereby causes an indefinite

delay that thwarts Plaintiffs' and their members' rights, to which they would otherwise be entitled, to comment on, be protected by, enforce, and (if necessary) challenge in court the adequacy of regional haze state implementation plans required by the Act, and to compel EPA to carry out its responsibility to issue federal implementation plans where state plans are disapproved.

19. The acts and omissions alleged herein further deprive Plaintiffs and their members of information to which they would otherwise have access, specifically formal published findings by EPA on whether regional haze SIPs do or do not meet all the Act's requirements and formal published determinations (in connection with promulgation of regional haze FIPs) of the measures that are needed to implement the Act's regional haze requirements in the relevant states. If Plaintiffs and their members had access to such information, they would use it to educate the public about air pollution throughout the nation and to advocate for adoption of measures to remedy and protect against regional haze in Class I areas. EPA's failure to produce such information deprives Plaintiffs and their members of these benefits and thus causes them injury.

20. For all the foregoing reasons, the failures complained of herein cause Plaintiffs and their members injuries for which they have no adequate remedy at law. Granting the requested relief would redress these injuries.

21. Defendant Lisa P. Jackson is the Administrator of the United States Environmental Protection Agency and is charged with the task of taking various actions to implement and enforce the Clean Air Act, including those actions sought herein. Defendant Jackson is sued in her official capacity, and she officially resides in Washington, D.C.

22. Defendant United States Environmental Protection Agency is the federal agency charged with implementation of the Clean Air Act.

## BACKGROUND & FACTS

## EPA's FIP Obligations

23. Section 110(c) of the Clean Air Act, 42 U.S.C. § 7410(c), requires the Administrator of EPA to promulgate a FIP within two years of finding that a state has failed to make a required a SIP submittal. The pertinent provision of Section 110(c) states:

> (1) The Administrator shall promulgate a Federal implementation plan at any time within 2 years after the Administrator—
>
> (A) finds that a State has failed to make a required submission or finds that the plan or plan revision submitted by the State does not satisfy the minimum criteria established under section 110(k)(1)(A).

24. On January 15, 2009, EPA made a formal finding that the States referenced in paragraph 25 herein had failed to submit any of the required regional haze SIP elements set forth at 40 C.F.R. §51.308. 74 Fed. Reg. 2392, 2393 (January 15, 2009). EPA also found that the States referenced in paragraph 26 herein had submitted some, but not all, of the required regional haze SIP elements set forth at 40 C.F.R. §§51.308 and 51.309. *Id.*

25. In particular, EPA found that the following States had failed to submit SIPs addressing any of the required regional haze SIP elements of 40 C.F.R. §51.308: Alaska, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Maine, Maryland, Massachusetts, Minnesota, Nebraska, Nevada, New Hampshire, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Vermont, U.S. Virgin Islands, Virginia, Washington, and Wisconsin. 74 Fed. Reg. at 2393 (January 15, 2009).

26. EPA found that the several States had failed to submit portions of the required haze SIPs. Those States, and the missing haze SIP portion(s) by regulatory citation,  Arizona—40 C.F.R. §51.309(g) and 40 C.F.R. §51.309(d)(4); Michigan—40 C.F.R. §51.308(d) and 40 C.F.R. §51.308(e) for six sources; and New Mexico—40 C.F.R. §51.309(g) and 40 C.F.R.

9

§51.309(d)(4).

27.     The above-referenced EPA findings of failure to submit all or part of required regional haze SIPs triggered a nondiscretionary duty under 42 U.S.C. §7410(c)(1)(A) for EPA to promulgate regional haze FIPs by January 15, 2011 for each of the above named States for which EPA had not fully approved regional haze SIPs by that date. EPA's January 15, 2009 notice confirmed that the agency was obligated to promulgate regional haze FIPs for each of the above-named States within two years of the date of that notice. 74 Fed. Reg. at 2393.

28.     EPA has failed to meet the January 15, 2011 deadline through the final promulgation of regional haze FIPs and/or SIPs for any of the States listed above, and such failure is ongoing. Accordingly, the Administrator is in violation of her nondiscretionary duty to promulgate regional haze FIPs and/or SIPs for each of the above-named States by January 15, 2011.

## EPA's Duty To Timely Act on Haze SIP Submittals

29.     Section 110(k)(1)(B) of the Act requires the Administrator to determine, within 60 days of receipt of a plan or plan revision submitted by a state, whether the plan or plan revision meets the minimum criteria ("completeness criteria") for plan submissions promulgated under CAA § 110(k)(1)(A). 42 U.S.C. § 7410(k)(1)(B). If, by the date six months after receiving a plan or revision from a state, the Administrator has made no finding as to whether a plan or plan revision meets the completeness criteria, the plan or plan revision shall be deemed by operation of law to meet such criteria – i.e., to be "complete."[2] *Id.*

30.     The Act further imposes a nondiscretionary duty on the Administrator to act on a plan or plan revision in accordance with CAA § 110(k)(3) (i.e., to approve or disapprove the

---

[2] For ease of reference, plans that meet the completeness criteria are referred to herein as "complete," and plans that do not meet the completeness criteria are referred to as "incomplete."

submission) within 12 months after the submission is determined by Administrator, or deemed by operation of law, to meet the completeness criteria. 42 U.S.C. § 7410(k)(2), (3). Thus, at the absolute outside, the Administrator has a nondiscretionary duty to take final action on a SIP submission within 18 months of EPA's receipt of such submission, except where the Administrator finds by the date six months after receipt that the submission is incomplete.

31. EPA received regional haze SIP submissions from each of the following States (and one region) more than 18 months before the date of Plaintiffs' notice letters in these matters (referenced in paragraph 4, supra) and made no finding within six months of receipt of such SIP submissions that any such submissions were incomplete: Alabama; Albuquerque, NM; Iowa; Louisiana; Mississippi; Missouri; North Carolina; South Carolina; Tennessee; and West Virginia. Further, the Administrator has not acted on any of these submissions in accordance with CAA § 110(k)(3). The Administrator is therefore in violation of her above-described nondiscretionary duty under CAA § 110(k)(2) to act on each of the above-referenced regional haze SIP submissions in accordance with CAA § 110(k)(3) within 18 months of her receipt of such submissions. EPA's failure to take action on each of these SIPs in accordance with CAA § 110(k)(3) constitutes a failure to perform a duty that is not discretionary with the Administrator within the meaning of § 304(a)(2) of the Act.

32. EPA's failure to perform the above-referenced non-discretionary duties is ongoing and, on information and belief, will continue absent the relief sought herein.

## FIRST CLAIM FOR RELIEF
### Failure to Promulgate final Regional Haze FIPs

33. Plaintiffs hereby incorporate all previous paragraphs by reference.

34. On January 15, 2009, EPA found that the following States had failed to submit SIPs addressing any of the required regional haze SIP elements of 40 C.F.R. §51.308: Alaska,

Connecticut, District of Columbia, Florida, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Maine, Maryland, Massachusetts, Minnesota, Nebraska, Nevada, New Hampshire, New Jersey, New York, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Vermont, U.S. Virgin Islands, Virginia, Washington, and Wisconsin.

35.   EPA's January 15, 2009 finding established a two-year period, ending on January 15, 2011, within which EPA was required to promulgate final regional haze FIPs for each of the states identified in paragraph 34, except where EPA approved a SIP revision correcting the deficiency for a given state before EPA's FIP promulgation.

36.   EPA failed by the January 15, 2011 deadline to promulgate final regional haze FIPs for any of the states above. Further, by the January 15, 2011 deadline, EPA had not approved regional haze SIPs correcting the deficiencies identified in EPA's January 15, 2009 finding for any of the states identified in paragraph 34.

37.   EPA's failure to promulgate final regional haze FIPs by the January 15, 2011 deadline for the states listed in paragraph 34 constitutes a failure to perform acts or duties that are not discretionary with the Administrator within the meaning of 42 U.S.C. § 7604(a)(2). Such failure is ongoing and, on information and belief, will continue absent the relief sought herein.

38.   Accordingly, Plaintiffs are entitled to an order from this Court directing EPA to forthwith promulgate final and complete regional haze FIPs, meeting all the Act's requirements for regional haze implementation plans, for each of the States referenced in paragraph 34 forthwith.

### SECOND CLAIM FOR RELIEF

39.   Plaintiffs hereby incorporate all previous paragraphs by reference.

40. On January 15, 2009, EPA found that the following States had submitted some, but not all, of the required regional haze SIP elements of 40 C.F.R. §51.308 and §51.309: Arizona, Michigan, and New Mexico.

41. EPA's January 15, 2009 finding established a two-year period, ending on January 15, 2011, within which EPA was required to promulgate final regional haze FIPs for each of the states listed in paragraph 40, except where EPA approved a SIP revision correcting the deficiency for a given state before EPA's FIP promulgation.

42. EPA failed by the January 15, 2011 deadline to promulgate final regional haze FIPs for any of the states listed in paragraph 40. Further, by the January 15, 2011 deadline, EPA had not approved any regional haze SIPs correcting the deficiencies identified in EPA's January 15, 2009 finding for any of the states identified in paragraph 40.

43. EPA's failure to promulgate final regional haze FIPs by the January 15, 2011 deadline for the each state listed in paragraph 40 constitutes a failure to perform acts or duties that are not discretionary with the Administrator within the meaning of 42 U.S.C. § 7604(a)(2). Such failure is ongoing and, on information and belief, will continue absent the relief sought herein.

44. Accordingly, Plaintiffs are entitled to an order from this Court directing EPA to forthwith promulgate final regional haze FIPs for Arizona, Michigan, and New Mexico satisfying the Act's requirements for each haze plan element that EPA found, in its January 15, 2009 notice, had not been timely submitted by each of these states.

**THIRD CLAIM FOR RELIEF**

45. Plaintiffs hereby incorporate all previous paragraphs by reference.

46.	Regional haze SIPs submitted by the following States (and one region) were either found by the Administrator or deemed by operation of law to be complete pursuant to CAA § 110(k)(1)(B) more than 18 months prior to January 19, 2011: Alabama; Albuquerque, NM; Iowa; Louisiana; Mississippi; Missouri; North Carolina; South Carolina; Tennessee; and West Virginia.

47.	The Administrator has not acted on any of the regional haze SIP submissions referenced in the preceding paragraph in accordance with CAA § 110(k)(3), 42 U.S.C. § 7410(k)(3). The Administrator is therefore in violation of her nondiscretionary duty under CAA § 110(k) to act on each of the above-referenced haze SIP submissions in accordance with CAA § 110(k)(3) within 18 months of her receipt of such submissions. EPA's failure to take action on each of these SIPs in accordance with CAA § 110(k)(3) constitutes a failure to perform a duty that is not discretionary with the Administrator within the meaning of § 304(a)(2) of the Act. Such failure is ongoing and, on information and belief, will continue absent the relief sought herein.

48.	Accordingly, Plaintiffs are entitled to an order of this Court directing EPA to take final action in accordance with CAA §110(k)(3) on each of the haze SIP submissions referenced in paragraph 46 forthwith.

**RELIEF REQUESTED**

49.	WHEREFORE, Plaintiffs pray that this Court:

(1) Declare that EPA's failures to act as complained of herein constitute failures to perform nondiscretionary duties required by 42 U.S.C. §§ 7410(c)(1) and (k)(2) within the meaning of the Clean Air Act § 304(a)(2), 42 U.S.C. § 7604(a)(2);

(2) Preliminarily and permanently enjoin the Administrator from continuing to violate the above-described nondiscretionary duties;

(3) Order the Administrator to complete all actions required by 42 U.S.C. § 7410(c)(1) and (k)(2) forthwith;

(4) Award Plaintiffs their reasonable costs of litigation, including attorneys' fees, pursuant to 42 U.S.C. § 7604(d);

(5) Retain jurisdiction over this action to ensure compliance with the Court's orders; and

(6) Grant such other relief as the Court deems just and proper.

DATED: this 29rd day of August, 2011.

Respectfully submitted,

/s/ David S. Baron

DAVID S. BARON
D.C. Bar No. 464222
EARTHJUSTICE
1625 Massachusetts Avenue NW, Suite 702
Washington, DC 20036-2212
Phone: (202) 667-4500
Fax: (202) 667-2356
dbaron@earthjustice.org

REED ZARS
Wyoming Bar No. 6-3224
Attorney at Law
910 Kearney Street
Laramie, WY 82070
307-745-7979
rzars@lariat.org

*Counsel for Plaintiffs*