**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, *et al.*, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 11-1548 (ABJ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, | ) ) ) ) |  |
| Defendants. | ) ) |  |

**MEMORANDUM OPINION AND ORDER**

Defendant-Intervenor State of Arizona ("Arizona") moves this Court for an extension of time to file an appeal [Dkt. #31] from the Partial Consent Decree ("Consent Decree") [Dkt. # 21] entered in this action on March 30, 2012.  The Consent Decree resolved claims that EPA failed to perform its nondiscretionary duty to promulgate federal implementation plans ("FIPs") or to approve or disapprove certain state implementation plans ("SIPs") for reducing scenery-impairing air pollution ("regional haze").  The timely submission of these plans was mandated by the Clean Air Act ("CAA") in order to prevent and remedy visual impairment in "Class I" areas.  *See* 42 U.S.C. §§ 7491(a)(4).  The Consent Decree set forth promulgation deadlines for EPA to meet the regional haze implementation plan requirements.

On April 2, 2012, Arizona filed a motion to reconsider the Consent Decree so that it could file a brief in opposition.  [Dkt. # 22].  On April 3, 2012, the Court issued a minute order stating:

> Intervenor Arizona's objections to the entry of the partial consent decree were set out in its memorandum in support of its motion to intervene and

> addressed by the EPA in its motion for entry of the decree. The order entering the partial consent decree specifically indicated that the Court had taken the objections to the consent decree into account. However, since EPA has no objection to this motion, the Court will stay the execution of the consent decree as to Arizona until after the Court has reviewed Arizona's formal opposition to the motion for the partial consent decree and any reply thereto. Arizona's opposition to the partial consent decree is due on or before April 10, 2012, and any reply is due on or before April 17, 2012. In light of this ruling, the motion for reconsideration [Dkt. # 22] is denied as moot.

The parties filed their briefs as directed, and the Court has carefully reviewed them. For the reasons below, the Court will lift the stay of the execution of the Consent Decree as to Arizona and will deny the motion for extension of time to file an appeal as moot in light of the Court's ruling on the merits. The Court will permit Arizona an additional thirty days to file an appeal.

First, as the Minute Order indicates, the Court notes that it considered the majority of the arguments advanced here when it considered Arizona's motion to intervene. *See* Minute Order, April 3, 2012. Additionally, the parties stipulated to the extent of Arizona's involvement in this lawsuit. The Court approved a stipulated order that permitted Arizona to present arguments "contending that . . . EPA is obligated to act on Arizona's February 2011 [SIP] submittal . . . before EPA can promulgate a [FIP] for Arizona addressing regional haze." Stipulated Order [Dkt. # 12] at 4. To the extent that Arizona presents arguments here beyond the scope of that Order, they are not properly before the Court.

Second, even if that were not the case, Arizona's arguments in opposition to the Consent Decree are not timely under the CAA and the Court therefore lacks jurisdiction to hear them. Section 110(c)(1) of the CAA provides:

> The Administrator shall promulgate a Federal implementation plan at any time within 2 years after the Administrator –
>
> (A) finds that a State has failed to make a required submission or finds that the plan or plan revision submitted by the State does not satisfy the minimum criteria . . . or,

> (B) disapproves a State implementation plan submission in whole or in part,
>
> unless the State corrects the deficiency, and the Administrator approves the plan or plan revision, before the Administrator promulgates such Federal implementation plan.

42 U.S.C. § 7410(c)(1).

On January 15, 2009, EPA published a final rule, "Finding of Failure to Submit State Implementation Plans Required by the 1999 Regional Haze Rule" ("2009 Finding"). 74 Fed. Reg. 2392 (Jan. 15, 2009). EPA found that Arizona was one of thirty-seven states that had failed to make all or part of the required submissions. *Id.*[1] According to EPA, the 2009 Finding triggered the agency's obligation to promulgate a regional haze FIP for Arizona within two years. EPA Reply [Dkt. # 27] at 5–6. That obligation is terminated only if the state submits a SIP and EPA approves it before promulgating a FIP. *Id.* Under the statute, any objection to such an agency finding must be filed within sixty days before the appropriate court of appeals. 42 U.S.C. § 7607(b)(1) & (2). Aside from filing an appeal, a state is not otherwise authorized to challenge a finding.

Here, Arizona did not file an action to review the 2009 Finding. Essentially, the state now opposes the Consent Decree as a means of challenging the 2009 Finding made by the EPA, which triggered the promulgation of the FIP. But Arizona has failed to point to any authority that would give this Court jurisdiction to review the 2009 Finding.

---

1    Specifically, the Finding stated that Arizona's submission did not include two of the elements required by 40 C.F.R. § 51.309, which is the EPA's regional haze regulation. EPA Reply [Dkt. # 27] at 5. Arizona contends that the Finding did not constitute a disapproval of the SIPs that had previously been submitted because it only notes that Arizona did not submit two of Section 309's required elements. Ariz. Opp. [Dkt. # 24] at 6. The Court does not read the 2009 Finding so narrowly. In the Court's view, the 2009 Finding reaches a conclusion that Arizona "has failed to make a required submission or finds that the plan or plan revision submitted by the State does not satisfy the minimum criteria." 42 U.S.C. § 7410(c)(1). Under the CAA, this triggers the EPA's statutory obligation to promulgate a FIP.

Arizona contends that it submitted a SIP pursuant to 40 C.F.R. § 51.308 ("section 308") on February 28, 2011, Massey Decl. ¶ 6, and submits that the state would have no objection to the entry of the Consent Decree if it required the EPA to approve or deny the section 308 SIP before promulgating the FIP. State of Ariz.'s Mem. in Opp. to Entry of Consent Decree ("Ariz. Opp.") [Dkt. # 24] at 2. But this SIP does not terminate the EPA's obligation under the CAA to promulgate a FIP within two years of the 2009 Finding. 42 U.S.C. § 7410(c)(1). The two-year clock started to run when EPA made the Finding on January 15, 2009, and Arizona has failed to point to anything recognized by the CAA as grounds for stopping that clock.

For these reasons, the Court will lift the stay of the execution of the Consent Decree as to Arizona and will deny the motion for additional time to file an appeal as moot in light of the Court's ruling on the merits. Given the amount of time that has elapsed while the Court considered Arizona's opposition, the Court will grant an additional thirty days to file an appeal. Accordingly, Arizona must file any required notice of appeal on or before June 28, 2012.

/s/ Amy B. Jackson
————————————————
AMY BERMAN JACKSON
United States District Judge

DATE: May 25, 2012