IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, MONTANA ENVIRONMENTAL INFORMATION CENTER, GRAND CANYON TRUST, SAN JUAN CITIZENS ALLIANCE, OUR CHILDREN'S EARTH FOUNDATION, PLAINS JUSTICE, POWDER RIVER BASIN RESOURCE COUNCIL, SIERRA CLUB, AND ENVIRONMENTAL DEFENSE FUND | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 1: 11-cv-01548 (ABJ) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LISA JACKSON, in her official capacity as Administrator, United States Environmental Protection Agency, | ) ) ) ) | |
| Defendant. | ) ) ) | |

SECOND PARTIAL CONSENT DECREE

This Second Partial Consent Decree (hereinafter "Consent Decree" or "decree") is entered into by Plaintiffs National Parks Conservation Association, Montana Environmental Information Center, Grand Canyon Trust, San Juan Citizens Alliance, Our Children's Earth Foundation, Plains Justice, Powder River Basin Resource Council, Sierra Club, and Environmental Defense Fund ("Plaintiffs"), and by Defendant Lisa Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA" or "the Administrator").

WHEREAS, Section 110(c) of the Clean Air Act, 42 U.S.C. § 7410(c), requires the Administrator of EPA to promulgate a federal implementation plan ("FIP") within two years of a

finding that a state has failed to make a required state implementation plan ("SIP") submittal. The pertinent provision of Section 110(c) states:

(1) The Administrator shall promulgate a Federal implementation plan at any time within 2 years after the Administrator—

> (A) finds that a State has failed to make a required submission or finds that the plan or plan revision submitted by the State does not satisfy the minimum criteria established under section 110(k)(1)(A).

WHEREAS, on January 15, 2009, EPA found that a number of States, including Florida, had failed to submit Clean Air Act SIPs addressing any of the required regional haze SIP elements of 40 C.F.R. § 51.308, 74 Fed. Reg. 2392, 2393 (Jan. 15, 2009);

WHEREAS, on January 15, 2009, EPA stated that its finding "starts the two-year clock for the promulgation by EPA of a FIP. EPA is not required to promulgate a FIP if the state makes the required SIP submittal and EPA takes final action to approve the submittal within two years of EPA's finding." 74 Fed. Reg. at 2393;

WHEREAS, EPA did not, by January 15, 2011, promulgate regional haze FIPs or approve regional haze SIPs for any of the States, including Florida, for which it found on January 15, 2009 a failure to submit SIPs addressing any of the required regional haze SIP elements;

WHEREAS, Plaintiffs served prior notice on the Administrator alleging that her failure to promulgate regional haze FIPs as described above constituted failure to perform duties that are not discretionary under the Act, and of Plaintiffs' intent to initiate the present action. This notice was provided via certified letters, posted January 19, 2011, and addressed to the Administrator;

WHEREAS, Plaintiffs filed a complaint pursuant to CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), alleging failure by the Administrator to perform nondiscretionary duties as referenced above;

WHEREAS, on March 30, 2012, the Court entered a Partial Consent Decree resolving all claims asserted by Plaintiffs in this matter except for claims with respect to Florida;

WHEREAS, on May 25, 2012, EPA published a notice of proposed rulemaking at 77 Fed. Reg. 31240 entitled, Approval and Promulgation of Air Quality Implementation Plans; State of Florida; Regional Haze State Implementation Plan.

WHEREAS, Plaintiffs and EPA (collectively, the "Parties") wish to effectuate a settlement of Plaintiffs' claims in this matter with respect to Florida without expensive and protracted litigation, and without a litigated resolution of any issue of law or fact;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of the claims with respect to Florida asserted in this case and consent to entry of this Consent Decree; and

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 *et seq*.

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint and to order the relief contained in this Consent Decree.

2. Venue is proper in the United States District Court for the District of Columbia.

3. By November 15, 2012, EPA shall sign a notice(s) of final rulemaking taking action on the matters addressed in the May 25, 2012, notice of proposed rulemaking, published at 77 Fed. Reg. 31240, entitled Approval and Promulgation of Air Quality Implementation Plans; State of Florida; Regional Haze State Implementation Plan.  Such notice of final

rulemaking shall include, but not be limited to, unconditional approval of a SIP, promulgation of a FIP, or promulgation of a partial FIP and unconditional approval of a portion of a SIP, that collectively meet the requirements of 40 C.F.R. §51.308(e) with respect to each of the following sources (or Units, where specified): a) Tampa Electric Company – Big Bend Station (Units 1, 2, 3); b) City of Tallahassee – Purdom Generation Station (Unit 7); c) Florida Power & Light – Port Everglades Power Plant (Units 3,4); d) CEMEX; and e) White Springs Agricultural Chemical – SR/SC Complex.

4. By December 3, 2012, EPA shall sign a notice(s) of proposed rulemaking in which it proposes approval of a SIP, promulgation of a FIP, partial approval of a SIP and promulgation of a partial FIP, or approval of a SIP or promulgation of a FIP in the alternative, for Florida that collectively meet all remaining regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

5. By July 15, 2013, EPA shall sign a notice(s) of final rulemaking promulgating a FIP for Florida to meet all remaining regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations, unless, by such deadline EPA has for Florida signed a notice of final rulemaking unconditionally approving a SIP, or promulgating a partial FIP and unconditional approval of a portion of a SIP, that collectively meet all remaining regional haze implementation plan requirements that were due by December 17, 2007 under EPA's regional haze regulations.

6. The deadlines in Paragraphs 3 through 5 above may be extended by written stipulation executed by counsel for EPA and Plaintiffs and filed with the Court, or by the Court upon

motion made pursuant to the Federal Rules of Civil Procedure by EPA and upon consideration of any response by Plaintiffs and reply by EPA.

7. EPA agrees that Plaintiffs are entitled to recover their costs of litigation (including attorneys' fees) ("litigation costs") incurred in connection with Plaintiffs' claims with respect to Florida pursuant to 42 U.S.C. § 7604(d). The deadline for the filing of any motion for litigation costs for activities performed prior to the lodging of this decree with the Court is hereby extended for a period of 120 days. During this time the Parties shall seek to resolve informally any claim for litigation costs, and if they cannot reach a resolution, Plaintiffs may seek such litigation costs from the Court. The Court shall retain jurisdiction to resolve any request for litigation costs. Plaintiffs reserve their right to seek litigation costs for any work performed after the lodging of this Consent Decree. EPA does not concede that Plaintiffs will be entitled to fees for any work performed after the lodging of the Consent Decree, and the parties reserve all claims and defenses with respect to any future costs of litigation claim.

8. No later than ten business days following signature by the Administrator or her delegatee of the notice of any proposed or final rulemaking referenced above, EPA shall deliver the notice to the Office of the Federal Register for review and prompt publication. Following such delivery to the Office of the Federal Register, EPA shall not take any action (other than is necessary to correct any typographical errors or other errors in form) to delay or otherwise interfere with publication of such notice in the Federal Register. EPA shall make available to Plaintiffs copies of the notices referenced herein within five business days following signature by the Administrator or her delegatee.

9. Plaintiffs and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

10. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree. EPA's obligation to perform the actions specified by Paragraphs 3 through 5, and 8, does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

11. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law or to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the SIPs or FIPs identified in paragraphs 3 through 5 of this Consent Decree.

12. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to 42 U.S.C. §§ 7607(b)(1) and 7661d. Nothing in this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under 42 U.S.C. § 7607(b)(1).

13. The Parties recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or

constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

14. Any notices required or provided for by this Consent Decree shall be made in writing and sent via e-mail to the following:

**For Plaintiffs:**

David Baron
dbaron@earthjustice.org


Reed Zars
rzars@lariat.org

**ForDefendant:**

Eileen T. McDonough
eileen.mcdonough@usdoj.gov

Lea Anderson
anderson.lea@epa.gov


15. In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution, any Party may move the Court to resolve the dispute.

16. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be properly filed unless the Party seeking to enforce this Consent Decree has followed the procedure set forth in Paragraph 15.

17. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to resolve any disputes thereunder, and to consider any requests for

costs of litigation (including reasonable attorneys' fees).  After EPA's obligations under Paragraphs 3 through 5 have been completed, EPA may move to have this Consent Decree terminated.  Plaintiffs shall have 14 days in which to respond to such motion.

18. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by the Parties and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

19. The undersigned certify that they are fully authorized by the Party or Parties they represent to bind that Party or those Parties to the terms of this Consent Decree.

SO ORDERED this 1st day of October, 2012.

_____
HON. AMY BERMAN JACKSON
United States District Judge

SO AGREED:

FOR PLAINTIFFS

/s/ Reed Zars
REED ZARS
Attorney at Law
910 Kearney Street
Laramie, WY  82070
307-745-7979
rzars@lariat.org

/s/ David Baron
DAVID BARON
Earthjustice
1625 Massachusetts Ave., NW, #702
Washington, DC 20036
202-667-4500 ext.203
dbaron@earthjustice.org

FOR DEFENDANT

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

<u>/s/ Eileen T. McDonough</u>
EILEEN T. MCDONOUGH
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
(202) 514-3126

Of Counsel:
M. LEA ANDERSON
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N. W.
Washington, DC 20460
(202) 564-5571
anderson.lea@epa.gov