IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, MONTANA ENVIRONMENTAL INFORMATION CENTER, GRAND CANYON TRUST, SAN JUAN CITIZENS ALLIANCE, OUR CHILDREN'S EARTH FOUNDATION, PLAINS JUSTICE, POWDER RIVER BASIN RESOURCE COUNCIL, SIERRA CLUB, AND ENVIRONMENTAL DEFENSE FUND<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ROBERT PERCIASEPE, in his official capacity as Acting Administrator, United States Environmental Protection Agency,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1: 11-cv-01548 (ABJ) |

**UNOPPOSED MOTION TO AMEND CONSENT DECREE OUT OF TIME**

On March 30, 2012, the Court entered the Partial Consent Decree ("Consent Decree" or "Decree") in this matter. Docket ("Dkt") No. 21. Paragraph 7 of the Consent Decree provides that any request to extend a deadline established by the Decree for more than 60 days must be presented by motion to the Court.

Defendant Robert Perciasepe, Acting Administrator, United States Environmental Protection Agency ("EPA"), hereby requests a modification to the deadlines in Paragraphs 3 and 4 and Table A of the Consent Decree for EPA to take action with respect to the remaining elements of the Oklahoma regional haze implementation plan at issue in this matter. EPA's deadlines for action on the remaining elements[1] of the Oklahoma regional haze implementation

---

[1] EPA has taken final action with respect to a number of elements of the Oklahoma regional haze implementation plan. 76 Fed. Reg. 81728 (Dec. 28, 2011)

plan were previously amended by stipulation of the parties filed May 29, 2012, and (on a consent motion by EPA) by order of this Court on June 15, 2012.

This motion is out of time because, under the June 15, 2012 Order, EPA was required to sign a notice of proposed rulemaking for Oklahoma on May 15, 2013 addressing the remaining elements of the regional haze implementation plan.  A request for the extension of this deadline should have been included in the Unopposed Motion to Amend Consent Decree filed by EPA on May 6, 2013.  ECF 67.  That motion, which was granted by the Court on that same day, requested an extension of the deadlines applicable to EPA's action on a regional haze implementation plan for Texas.  In negotiating this motion, counsel for the parties had also discussed extending the deadlines for EPA action on the remaining elements of the Oklahoma implementation plan, which had previously been on the same schedule as those for Texas.  In drafting the motion, however, counsel for EPA mistakenly failed to include the deadline for action on the Oklahoma plan.

EPA believes that, because of the magnitude of the effect of pollutants emitted by facilities in Texas on visibility in Oklahoma, action on the regional haze implementation plans for these states should be on the same schedule.  *See* 76 Fed. Reg. 16,168, 16,177 (March 22, 2011) ("to properly assess whether Oklahoma has satisfied the reasonable progress requirements of [40 C.F.R. §] 51.308(d)(1), we must review and evaluate Texas' submittal").  Revising the schedule for action on the remaining elements of Oklahoma's regional haze plan will ensure that EPA can consider the two implementation plans in tandem and take coordinated action on the reasonable progress requirements of section 51.308(d)(1).  Therefore, EPA seeks to remedy counsel's error by requesting that the "Proposed Promulgation Deadline" for Oklahoma (all remaining RH SIP elements) in Table A of the Decree be extended until May 15, 2014, and that

the "Final Promulgation Deadline" for Oklahoma (all remaining RH SIP elements) in Table A be extended until December 13, 2014.

Undersigned counsel is authorized to represent that Plaintiffs consent to the relief requested in EPA's motion. Because Plaintiffs did not have the opportunity to verify the accuracy of the following representations by EPA, Plaintiffs do not concur in these representations. Furthermore, Plaintiffs do not believe that these representations are necessary for the Court to rule upon this motion. Plaintiffs consent only to the relief requested by EPA— the extension of the deadlines for EPA to act with respect to all remaining SIP elements for Oklahoma.

REPRESENTATIONS BY EPA PERTAINING TO THE CONSENT DECREE

1. As summarized in Exhibit 1, EPA has completed 46 of the 52 actions required to meet its obligations under the two Partial Consent Decrees entered in this matter, as amended by the Court and by stipulations authorized by the Consent Decree. For three of the six remaining actions, the notices of the proposed rulemakings have already been published.

2. EPA previously took final action on all aspects of Oklahoma's regional haze implementation plan but for the question of whether the Oklahoma plan satisfied the reasonable progress requirements in 40 C.F.R. 51.308(d)(1). 76 Fed. Reg. at 81728; *see also* 76 Fed. Reg. 16168, 16194 (March 22, 2011).

    Respectfully submitted,

    Assistant Attorney General
    Environment and Natural Resources
     Division

    /s/ EILEEN T. MCDONOUGH
    Environmental Defense Section
    U.S. Department of Justice
    P.O. Box 23986

                                        Washington, D.C. 20026-3986
                                        (202) 514-3126
                                        eileen.mcdonough@usdoj.gov

Of Counsel:

M. LEA ANDERSON
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N. W.
Washington, DC 20460
(202) 564-5571
anderson.lea@epa.gov