UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL PARKS CONSERVATION ASSOCIATION, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:11-cv-01548 (ABJ) |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

The parties — Plaintiffs National Parks Conservation Association, et al. (collectively, "NPCA") and Defendants (collectively, "EPA") — file this joint status report pursuant to the Minute Order issued on July 1, 2020.

**I.     Current Status of the Case**

The parties disagree on whether EPA has completed its obligations under the partial consent decree that this Court entered on March 30, 2012. ECF No. 22. There are two pending motions: NPCA's motion to enforce the consent decree, ECF No. 103, and EPA's cross-motion to terminate the consent decree, ECF No. 105. The parties briefed the motions in the fall of 2017, and the Court held a hearing on the motions in February 2018. Minute Entry (Feb. 5, 2018); ECF No. 114.

A key issue raised in the briefing and at the hearing was whether EPA's action, "Promulgation of Air Quality Implementation Plans; State of Texas; Regional Haze and Interstate Visibility Transport Federal Implementation Plan," 82 Fed. Reg. 48,324 (Oct. 17, 2017) ("2017 BART Rule"), complied with the consent decree's requirements. On March 6,

1

2018, the Court entered a minute order holding both pending motions in abeyance "pending the resolution of plaintiffs' petition for reconsideration of [the 2017 BART Rule] and/or plaintiffs' appeal of that Rule in the Fifth Circuit." After considering NPCA's petition for reconsideration of the 2017 BART Rule, EPA decided to convene a new rulemaking proceeding. ECF No. 120-1. The Court continued to hold the two motions in abeyance during that rulemaking.

As EPA reported in the previous status report, ECF No. 142, the EPA Administrator signed a final rule on June 29, 2020, titled: "Promulgation of Air Quality Implementation Plans; State of Texas; Regional Haze and Interstate Visibility Transport Federal Implementation Plan" ("2020 BART Rule"). The 2020 BART Rule affirmed the 2017 BART Rule, with certain amendments, after two rounds of public comment.

## II.    Future Action by the Court

The parties do not agree on the next steps in this case. Therefore, the parties set forth their separate positions below.

### A.    NPCA's Position

Plaintiffs contend that the Court should continue to hold the cross-motions in abeyance because EPA has still not met all requirements of the consent decree. EPA still has outstanding obligations to complete the "reasonable progress" portion of the Texas haze plan, including the long term strategy required by EPA's haze rules. 2020 BART Rule 42-43 (reasonable progress requirements for Texas haze plan "remain outstanding after the remand of our January 2016 FIP addressing Texas' reasonable progress obligations by the Fifth Circuit...."). The Fifth Circuit stayed the January 2016 reasonable progress plan in July 2016,[1] and in the last four years EPA

---

[1] *Texas v. EPA*, 829 F.3d 405, 435-36 (5th Cir. 2016)

has not proposed a new or revised version of that plan.[2] As a result, there is no reasonable progress haze plan in effect for Texas. EPA has also indicated that further action is needed to complete the reasonable progress plan for Nebraska.[3] As for the BART trading plan that EPA signed on June 29, as of this writing that plan has not yet been published in the Federal Register and therefore is not yet legally effective. Assuming the plan is eventually published, several of the Plaintiffs intend to challenge it in circuit court, where the plan faces vacatur if found unlawful or arbitrary.[4] Accordingly, there is no assurance that the plan will remain in place and satisfy the consent decree's requirements. A continued abeyance pending appellate review is therefore warranted.

If, however, the Court decides that it wants to consider ruling on the cross-motions at this time, Plaintiffs request the opportunity to provide limited further briefing to ensure the Court is fully apprised of all the relevant factual, legal, and equitable considerations, including all relevant developments (including failures by EPA to act) since initial briefing on the cross-motions in 2017. Under the circumstances, a decision as consequential as whether to terminate the consent decree warrants briefing beyond a status report. EPA is asking the Court to rule on the cross-motions now based on events that have occurred years after its initial motion to terminate. Such a request is tantamount to a revised motion to terminate the decree, to which Plaintiffs should be allowed to fully respond.

---

[2] In a recent status report, EPA indicated that it is considering waiting for Texas to submit a state haze plan for the second planning period in July 2021 in lieu of EPA completing action on the stayed and remanded reasonable progress plan for the first planning period. Status Report at 3-4, *Texas v EPA*, No. 16-1078 (D.C. Cir. July 24, 2020), ECF No. 1853423.
[3] *See* https://www.eenews.net/assets/2017/02/13/document_gw_01.pdf
[4] Plaintiffs filed more than 80 pages of comments (including 24 exhibits and expert reports) arguing that the trading plan was illegal and arbitrary.
https://www.regulations.gov/document?D=EPA-R06-OAR-2016-0611-0160 and
https://www.regulations.gov/document?D=EPA-R06-OAR-2016-0611-0161

Plaintiffs propose limited additional briefing as follows:

- Supplemental memoranda, limited to 10 pages each, filed 20 days after Court's order
- Response memoranda, limited to 5 pages each, filed 20 days after Court's order

### B. EPA's Position

The Court should not continue to hold these motions in abeyance. Instead, EPA's motion to terminate the consent decree should be granted, and NPCA's motion to enforce the consent decree should be denied as moot. These motions are ready for decision, without any further briefing, based on the extensive briefing that the parties have already completed and the motions hearing that the Court has already held. ECF Nos. 103, 104, 105, 107, 108, 109, 112, 114.

The parties have already briefed the issues that NPCA raises in its position statement. The Court already found that EPA has fully completed its consent decree obligations as to every state but Texas. ECF No. 96 at 1, 4 n.4.[5] As to Texas, EPA completed the first part of its obligation, including to address the "reasonable progress" requirements, in 2016. ECF No. 109 at 6–7 (citing 81 Fed. Reg. 29 (Jan. 5, 2016)).[6] EPA met the remainder of its obligation related to Texas by promulgating the 2017 BART Rule. *See generally* ECF No. 105. To the extent that the 2017 BART Rule did not fulfill that obligation, the 2020 BART Rule plainly does. Although publication of that rule in the Federal Register is pending, the consent decree obligation is met by EPA's signature, not publication. ECF No. 105 at 10 (quoting relevant provision). NPCA does not suggest that the 2020 BART Rule suffers from the same alleged procedural infirmities as the 2017 BART Rule. In fact, NPCA has not identified any reason why the 2020 BART Rule does

---

[5] NPCA nonetheless suggests that EPA has an outstanding consent decree obligation as to Nebraska. The parties have already briefed that issue. ECF No. 107 at 19; ECF No. 109 at 6–7; ECF No. 112 at 2–4.
[6] The parties have already briefed the issue of whether the Fifth Circuit's granting of EPA's motion for partial voluntary remand negates EPA's completion of that consent decree obligation. ECF No. 107 at 17–18; ECF Doc. 109 at 6–8; ECF No. 112 at 2–4.

not suffice to meet EPA's final remaining consent decree obligation, except for the possibility that the rule might one day be successfully challenged in a court of appeals. The Court cannot deny EPA's motion to terminate based on the speculative future possibility that the 2020 BART Rule might be invalidated in a future judicial action.[7]

Accordingly, EPA does not believe that any additional briefing is necessary for the Court to resolve these motions. However, if the Court were nonetheless to decide that additional briefing is appropriate, then EPA does not oppose the briefing schedule proposed by NPCA.

Respectfully submitted,

*/s/ David S. Baron*
David S. Baron (D.C. Bar No. 464222)
Earthjustice
1001 G Street, NW, Suite 1000
Washington, D.C. 20001
202-667-4500
dbaron@earthjustice.org

*Counsel for Plaintiffs*

*/s/ Tsuki Hoshijima*
TSUKI HOSHIJIMA (MA Bar No. 693765)
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 514-3468
Fax: (202) 514-8865
tsuki.hoshijima@usdoj.gov

*Counsel for Defendants*

---

[7] The parties have already briefed the issue of whether this future possibility provides a basis for the Court to refuse to terminate a consent decree with which EPA has fully complied. ECF No. 107 at 18–19; ECF No. 109 at 8; ECF No. 112 at 2–4.

## **CERTIFICATE OF SERVICE**

I certify that on July 31, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ Tsuki Hoshijima*